Stuart C. Talley (State Bar No. 180374)
**KERSHAW, CUTTER & RATINOFF, LLP**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
Email: stalley@kcrlegal.com

Attorneys for *Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| AARON PEDRO DA LA SOL,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER AG and MERCEDES-BENZ USA, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff AARON PEDRO DA LA SOL ("Plaintiff"), files this case against DAIMLER AG ("Daimler") and MERCEDES-BENZ USA, LLC ("MBUSA") (together, "Defendants") and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 15 U.S.C. § 2310, *et seq*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Venue in this judicial district is proper pursuant 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

-1-
COMPLAINT FOR DAMAGES

3. This Court has jurisdiction over the Defendants identified herein because it is an individual, association, or corporation that is either authorized to conduct or, in fact, does conduct substantial business in this district.

**INTRADISTRICT ASSIGNMENT**

4. Pursuant to Local Rule 3-5(b), assignment to the Oakland Division is proper because Plaintiff resides in a county covered by the Oakland Division and a substantial part of the events or omissions giving rise to the claims occurred in counties covered by the Oakland Division.

**PARTIES**

5. Plaintiff AARON PEDRO DA LA SOL is, and at all relevant times was, an individual residing in Martinez, California.

6. Defendant DAIMLER AG, is a foreign corporation duly registered in the Federal Republic of Germany with its main corporate offices located in the Mercedesstr. 137, 70327 Stuttgart, Germany, with additional facilities at 70546, Stuttgart, Germany.  DAIMLER, AG, is the parent corporation of Mercedes-Benz USA, LLC.

7. Defendant Mercedes-Benz USA, LLC, is a duly certified corporation of the State of New Jersey with its principal corporate offices located at One Mercedes Drive, Montvale, Bergen County, New Jersey.

**FACTS**

8. On or around June 8, 2013, Plaintiff purchased a 2005 Mercedes-Benz E55 AMG ("Vehicle").

9. Approximately two months after purchasing his Vehicle, Plaintiff noticed the smell of gas fumes leaking from the Vehicle while it was parked in his garage.  Concerned that the lit pilot light for the water heater in his garage could ignite the gas fumes, Plaintiff moved his Vehicle outside.

10. Plaintiff took the Vehicle to an authorized Mercedes service center in Walnut Creek, California to address the problem and was informed by the Mercedes service center that the gas fuel tank in the Vehicle was leaking.  A Mercedes service representative at the service

center also told Plaintiff that the problem was "very dangerous."

11. Defendants refused to cover the costs of the repair or replacement under the warranty that came with the Vehicle.

12. Plaintiff was forced to pay $1,796.08 to repair the fuel tank leak problem.

13. Plaintiff is informed and believes that Defendants were fully aware of the fuel tank leak defect and that it posed an unreasonable safety risk to drivers and passengers, yet failed to disclose them to Plaintiff and other consumers. Defendants knowingly sold and continue to sell vehicles containing defective fuel tanks, while actively and improperly concealing and suppressing information about the defective fuel tank, as well as its associated safety risks, from the consuming public and governmental agencies.

14. As a direct and proximate result of the Defendants' systematic concealment of the defective fuel tank from the public, Plaintiff had no opportunity to consider the safety risks when he purchased his Vehicle. Plaintiff was unaware that the Vehicle posed a grave risk to his safety, as well as to those in the vicinity of the Vehicle when the fuel tank fails to operate properly.

15. In addition to posing the significant safety risk identified above, the defect has significantly diminished the market value of Plaintiff's Vehicle and has rendered it unsellable to potential buyers who become aware of the Vehicle's unsafe condition.

16. Had Plaintiff known the truth about the defect he never would have purchased the Vehicle and/or would have paid substantially less.

## FIRST CAUSE OF ACTION

**(VIOLATION OF THE MAGNUSON-MOSS ACT – EXPRESS WARRANTY)**

17. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

18. The Mercedes Vehicle purchased by Plaintiff is a "consumer product" as that term is defined by 15 U.S.C. § 2301(1).

19. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 2301(3).

20. Defendants are "suppliers" as that term is defined by 15 U.S.C. § 2301(4).

21. Defendants are "warrantors" as that term is defined by 15 U.S.C. § 2301(5).

22. Defendants provided Plaintiff with a "written warranty" as that term is defined by 15 U.S.C. §2301(6).

23. Section 15 U.S.C. § 2310(d)(1) provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief (A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States . . . ." 15 U.S.C. § 2301(d)(1)(A) and (B).

24. Defendants breached its express warranties by selling its defective Vehicle to Plaintiff and failing to repair that Vehicle under its written warranties.

25. Defendants further breached its express warranty by refusing to replace the defective parts.

26. In its capacity as supplier, warrantor, and service provider, and by the conduct described herein, any attempt by Defendants to limit their express warranties in a manner that would exclude or limit coverage for the defective Vehicle is unconscionable and any such effort to disclaim or limit liability for said defects is void.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, as follows:

1. For compensatory damages in an amount to be determined at trial;
2. For punitive damages in an amount to be determined at trial
3. For reasonable attorney's fees;
4. For costs and expenses incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

Dated: September 16, 2014.    KERSHAW, CUTTER & RATINOFF LLP

By: __*/s/ Stuart C. Talley*__
STUART C. TALLEY
Attorneys for Plaintiff

-4-

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: September 16, 2014.         KERSHAW, CUTTER & RATINOFF LLP


By: */s/ Stuart C. Talley*
    STUART C. TALLEY
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES